# EXHIBIT 1

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## 19TH WEST CIRCUIT DIVISION 4

### WATKINS V FERGUSON ENTERPRISES INC ETAL

04CV-20-918

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

FERGUSON ENTERPRISES INC
c/o Creations Network, Inc.
609 SW 8th St., Ste. 600
Bentonville, AR 72712

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Bryce Brewer
P.O. Box 17250
Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:


Address of Clerks Office

BRENDA DESHIELDS, CIRCUIT CLERK
CIRCUIT COURT OF BENTON COUNTY
102 NORTHEAST A STREET
BENTONVILLE, AR 72712

CLERK OF COURT

Tani Ross

Deputy Clerk Tani D Ross, DC

Date: 03/26/2020

No. 04CV-20-918 This summons is for FERGUSON ENTERPRISES INC (name of Defendant).

## PROOF OF SERVICE

❑ On _____ [date] I personally delivered the summons and complaint to the individual at _____ [place]; or

❑ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❑ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❑ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❑ On _____ [date] at _____ [address], where the defendant maintains and office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____

[name and job description]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

_____
_____

❑ I was unable to execute service because:

_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2020-Mar-25 16:39:52
04CV-20-918
C19WD04 : 7 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## _____ DIVISION

**GLENN WATKINS**                                          **PLAINTIFF**

**VS.**                          **NO. _____**

**FERGUSON ENTERPRISES, INC., d/b/a**                  **DEFENDANTS**
**FERGUSON WATERWORKS; JOHN**
**DOE EMPLOYEE 1 and**
**JOHN DOE ENTITIES 1-3**

### COMPLAINT

Comes now the Plaintiff, Glenn Watkins, by and through his attorneys, Rainwater, Holt &

Sexton, P.A., and for his Complaint against the Defendants, hereby states and alleges the

following:

### I. RESIDENCY & PARTIES

1.     Plaintiff Glenn Watkins ("Plaintiff") was at all times relevant herein a citizen and

resident of the city of Springdale, Arkansas at the time of the incident in question. He now resides

in Wichita, Kansas.

2.     Defendant Ferguson Enterprises, LLC, is a foreign corporation with its principal

place of business in Newport News, Virginia located at 12500 Jefferson Ave., is licensed and in

good standing with the Arkansas Secretary of State. Defendant Ferguson Enterprises, LLC doing

business as Ferguson Waterworks, is in the business of selling, servicing and maintaining stores,

warehouses and offices selling plumbing supplies and materials throughout Arkansas, specifically

1

one located at 1102 North 2nd St. in Rogers, Arkansas 72756. Its registered agent for service of process is Corporation Creations Network, Inc., 609 SW 8th St, #600, Bentonville, AR 72712.

    3.    Defendant John Doe Employee 1 is, upon the Plaintiff's information and belief, an unknown agent, contractor and/or employee of Defendant Ferguson who allegedly threw the bag of "Flex" toward the Plaintiff when he was not looking, striking him in his knee. If/when his identify is discovered through discovery of this matter his name may be substituted in accordance with Arkansas Rules of Civil Procedure.

    4.    The residency and identities of John Doe Entities 1-3 remains unknown at this time, however, through the course of discovery Plaintiff will substitute their identities upon disclosure and knowledge learned of such.

    5.    Plaintiff's counsel executed a "John Doe Affidavit" in accordance with *Arkansas Code Annotated § 16-56-125,* and is attached hereto as **Exhibit A.**

## II. JURISDICTION AND VENUE

    6.    The Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

    7.    Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the incident occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

    8.    The incident giving rise to this cause of action occurred at the location for Defendant Ferguson's at 1102 North 2nd St., located in Rogers, Arkansas.

9. This is a negligence action which arises from personal injuries sustained on Defendant Fergusons' premises that occurred on or before July 17, 2018.

## IV. FACTS

10. Plaintiff Glenn Watkins is a truck driver who was working for a company named Drivers Select, Inc.

11. Plaintiff Glenn Watkins was skilled in the operation of his tractor and prided himself in making on time deliveries and offloading his haul for customers.

12. Plaintiff Glenn Watkins, on or around July 17, 2018, through his employer Drivers Select, was contracted to deliver a load to the Ferguson's location in Rogers, Arkansas.

13. Plaintiff Glenn Watkins, in the duly course and scope of his employment, arrived at the location that morning with his load at Defendant Ferguson's owned/or operated property located at 1102 N 2nd Street, Rogers, Benton County, Arkansas 72756.

14. Upon arriving and parking his tractor at the loading dock, Plaintiff secured permission to enter the premises of Defendant Ferguson's and begin to unload the haul.

15. As he unloaded the haul, Plaintiff began to remove a product called "Flex." This product was packaged in bags and was able to be lifted and tossed in a manner and fashion of handling the product. "Flex" is a product manufactured and used in the plumbing industry and sold by Defendant Ferguson.

16. As Plaintiff was unloading the haul and product from his tractor, an unknown agent, contractor and/or employee of Defendant Ferguson began to assist Plaintiff with the offload.

17. Both Plaintiff and the unknown agent, contractor and/or employee of Defendant continued removing the load from Plaintiff's truck.

3

18.     As Plaintiff was looking in the other direction, unknown agent, contractor and/or employee of Defendant Ferguson tossed a bag of "Flex" toward the Plaintiff's person.

19.     Plaintiff did not see the bag coming in his direction and was unable to move either out of the way of the airborne product or move to a position in which he could catch the product.

20.     The negligently thrown bag of "Flex" struck the Plaintiff in his knee causing personal injuries.

21.     The negligent actions of the unknown agent, contractor and/or employee of Defendant Ferguson's were the direct proximate cause of the injuries sustained by the Plaintiff.

22.     The careless and reckless, in the disregard of the rights and safety of others, poorly and/or negligently thrown bag of "Flex" by the agent, contractor and/or employee of Defendant Ferguson, caused significant personal injuries and loss of income to the Plaintiff.

23.     Upon the Plaintiff's information and belief, this unknown agent, contractor and/or employee was acting in the course and scope of his employment with Defendant Ferguson at the time of the incident in which the negligently thrown bag of "Flex" occurred.

24.     As a result of the negligent acts by Defendants, Plaintiff sustained personal injuries and damages.

## V.  CAUSE OF ACTION

### Negligence of Ferguson; John Doe Employee 1 and John Doe Entities 1-3

25.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

26.     Defendant Ferguson owned and/or leased and/or maintained the premises located at 1102 North 2nd St. in Rogers, Arkansas through their agents, contractors and/or employees.

27.     Defendant Ferguson, through their agents, contractors and/or employees acting in the course and scope of their employment owed a duty to the Plaintiff of maintaining a safe and comfortable work condition and environment for the Plaintiff to complete his employment tasks while at Defendants' property.

28.     Defendant Ferguson failed to properly supervise its agent, contractor and/or employee while having said agent, contractor and/or employee assist the Plaintiff in his offload.

29.     Defendants and their employees/agents were negligent in that the agent, contractor and/or employee failed to use caution during the duties of his job.

30.     Defendant Ferguson failed to properly train its agent, contractor and/or employee in the proper method and accepted workload mannerisms in assisting Plaintiff in offloading his load.

31.     Defendants' employees'/agents' negligent acts and omissions are imputed to the Defendants, their employer/principal under the legal doctrine of respondeat superior and/or the principles of agency as adopted by the State of Arkansas.

32.     Defendant John Doe Employee 1 was negligent in failing to recognize that the Plaintiff was not in the proper position and viewpoint to see the thrown item toward his person and be in the proper position to catch thrown item.

33.     This negligent act by Defendant John Doe Employee 1 caused the injuries to the Plaintiff.

34.     The negligent acts and/or omissions of John Doe Employee 1 are imputed to the Defendants, their employer/principal under the legal doctrine of respondeat superior and/or the principles of agency as adopted by the State of Arkansas.

5

35.    The negligent acts of John Does Entities will be discovered and stated by an amended Complaint upon discovery of said entities.

## VI.  PROXIMATE CAUSATION

36.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

37.    The Defendants' employees'/agents' negligence proximately caused the incident described herein and the injuries and damages sustained by Plaintiff.

38.    Defendants John Doe Employee 1 and John Doe Entities 1-3 are individuals and entities unknown at this time but are believed to have been involved, or to otherwise have legal liability as a result of the incident involving Plaintiff.

## VII.  INJURIES AND COMPENSATORY DAMAGES

39.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

40.    Plaintiff sustained personal injuries and damages as a result of being hit in the knee by the negligent, errant thrown bag of "Flex" by the agent, contractor and/or employee of Defendants.

41.    Plaintiff is entitled to the following damages that were proximately caused by Defendants' negligence; Accordingly, Plaintiff is entitled to the following damages:

    (a)    the nature, extent, duration, and permanency of his injuries;

    (b)    the full extent of the injuries he sustained;

    (c)    the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

    (d)    any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

6

     (e)     the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future; and

     (f)     any visible scars and/or other results of his injuries.

42.     The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## VIII.  DEMAND FOR JURY TRIAL

43.     Plaintiff hereby demands a trial by jury.

## IX.  DEMAND & PRAYER

44.     Plaintiff demands judgment against the Defendants sufficient to fully compensate him for his damages, for pre-judgment interest and post judgment interest at the maximum rate allowed by law as well as for reasonable expenses, costs, and for all other proper relief to which he may be entitled.

Respectfully Submitted,

By:     */s/ Bryce Brewer*
     Bryce Brewer, AR Bar #2002013
     Rainwater, Holt & Sexton, P.A.
     P.O. Box 17250
     Little Rock, AR 72222
     (501) 868-2500
     (501) 868-2505 - facsimile
     bbrewer@rainfirm.com

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2020-Mar-25 16:39:52
04CV-20-918
C19WD04 : 2 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

**GLENN WATKINS**                                                     **PLAINIFF**

**VS.**                          **CASE NO.**

**FERGUSON ENTERPRISES, INC., dba**
**FERGUSON WATERWORKS, INC., JOHN**
**DOE EMPLOYEE 1 and**
**JOHN DOE ENTITIES 1-3**                                      **DEFENDANTS**

### EXHIBIT A

STATE OF ARKANSAS          )
                                         )     ss.
COUNTY OF PULASKI          )

### AFFIDAVIT

Before the undersigned Notary Public, duly commissioned and acting within the County and State aforesaid, appeared in person, Bryce Brewer, who stated the following under oath:

1.     I am an attorney licensed in the State of Arkansas.

2.     I represent Glenn Watkins in a claim against Ferguson Enterprises, LLC, John Doe Employee 1 and John Doe Entities 1-3.

3.     Defendant John Doe Employee 1 and John Does Entities 1-3 are unknown.

4.     The identities of John Doe Employee 1 and John Doe Entities 1-3 will be identified upon the taking of discovery by Plaintiff. They are sued individually and in their official capacity.

5.     Further affiant sayeth not.

Bryce Brewer

SUBSCRIBED AND SWORN to before me this 25th day of March 2020.

Notary Public

May 18, 2028
My Commission Expires

CHRISTINA HILLMAN
PULASKI COUNTY
NOTARY PUBLIC -- ARKANSAS
My Commission Expires May 18, 2028
Commission No. 12366102